**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| Dwight Guyton,<br><br>　　　　　Plaintiff,<br>　v.<br><br>First National Collection Bureau, Inc.; and<br>DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Dwight Guyton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Dwight Guyton ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, First National Collection Bureau, Inc. ("First"), is a business entity with an address of 610 Waltham Way, McCarran, Nevada 89434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by First and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. First at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to First for collection, or First was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. First Engages in Harassment and Abusive Tactics

12. The Defendants have placed multiple calls to Plaintiff in an attempt to collect a debt.

13. The Defendants threatened to file a lawsuit against the Plaintiff if he did not pay

2

the debt. To date, no such action has taken place.

14. The Defendants were rude and abusive when speaking to the Plaintiff. When the Plaintiff politely requested information on the debt he was paying, they screamed: "We can't send a validation letter! If we did, all of the payments you made will be voided!"

15. The Defendant has failed to send the Plaintiff a 30-Day Validation Notice.

16. The Plaintiff sent a Cease & Desist letter to the Defendants in January, 2011. The Defendants placed a telephone call to Plaintiff again on 03/22/11, after confirmed receipt of the letter.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the consumer.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

29. The Defendant contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

34. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

35. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

39. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff.

40.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

41.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 5, 2011

          Respectfully submitted,

          By_/s/ Forrest E. Mays_____

          Forrest E. Mays (Bar No. 07510)
          1783 Forest Drive, Suite 109
          Annapolis, MD  21401
          Telephone: (410) 267-6297
          Facsimile: (410) 267-6234
          Email: mayslaw@mac.com

          Of Counsel To
          LEMBERG & ASSOCIATES L.L.C.
          A Connecticut Law Firm
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (877) 795-3666
          ATTORNEYS FOR PLAINTIFF